# EXHIBIT 1

# EXHIBIT 1

# DISTRICT COURT CIVIL COVER SHEET    A-16-730374-C

Clark County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

V

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| FIRST 100, LLC, a Nevada limited liability company; 1st ONE HUNDRED HOLDINGS, LLC, a Nevada limited liability company | OMNI FINANCIAL, LLC, a foreign limited liability company PRENPOINCIANA, LLC, a foreign limited liability company |
| Attorney (name/address/phone): Joseph A. Gutierrez, Esq. and Luis A. Ayon, Esq., Maier Gutierrez Ayon 400 South Seventh Street, Suite 400, Las Vegas, Nevada 89101 (702) 697-7900 | Attorney (name/address/phone): |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☒ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

January 15, 2016
_____
Date

/s/ Joseph A. Gutierrez
_____
Signature of initiating party or representative

*See other side for family-related case filings.*

Nevada AOC – Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1

Electronically Filed
01/15/2016 02:34:57 PM

**CLERK OF THE COURT**

1 | **COMP**
JOSEPH A. GUTIERREZ, ESQ.
2 | Nevada Bar No. 9046
LUIS A. AYON, ESQ.
3 | Nevada Bar No. 9752
MARGARET E. SCHMIDT, ESQ.
4 | Nevada Bar No. 12489
**MAIER GUTIERREZ AYON**
5 | 400 South Seventh Street, Suite 400
Las Vegas, Nevada 89101
6 | Telephone: (702) 629-7900
Facsimile:  (702) 629-7925
7 | E-mail:    jag@mgalaw.com
laa@mgalaw.com
8 |            mes@mgalaw.com

9 | *Attorneys for Plaintiffs First 100, LLC and*
*1ˢᵗ One Hundred Holdings, LLC*

10

11 | **DISTRICT COURT**

12 | **CLARK COUNTY, NEVADA**

13

| | |
|---|---|
| FIRST 100, LLC, a Nevada limited liablity company; 1ˢᵗ ONE HUNDRED HOLDINGS, LLC, a Nevada limited liability company, | Case No.: A-16-730374-C |
| | Dept. No.: V |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| OMNI FINANCIAL, LLC, a foreign limited liability company; PRENPOINCIANA, LLC, a foreign limited liabiilty company; DOES I through X; and ROE ENTITIES I through X, inclusive, | |
| Defendants. | |

22 | Plaintiffs First 100, LLC and 1ˢᵗ One Hundred Holdings, LLC ("Plaintiffs"), by and through

23 | their attorneys of record, the law firm MAIER GUTIERREZ AYON, hereby complain against the above-

24 | named defendants, defendants DOES I through X and ROE CORPORATIONS I through X

25 | (collectively "Defendants"), as follows:

26 | / / /

27 | / / /

28 | / / /

1

## GENERAL ALLEGATIONS

### THE PARTIES

1.      Plaintiff First 100, LLC ("First 100") is a Nevada limited liability company that, at all times relevant hereto, was and is licensed to do business in Clark County, Nevada.

2.      Plaintiff 1st One Hundred Holdings, LLC ("1st One Hundred") is a Nevada limited liability company that, at all times relevant hereto, was and is licensed to do business in Clark County, Nevada.

3.      Defendant Omni Financial, LLC ("Omni Financial") is a California limited liability company that, at all times relevant hereto, was and is licensed to do business in Clark County, Nevada

4.      Defendant PrenPoinciana, LLC ("PrenPoinciana") is a Delaware limited liability company that, at all times relevant hereto, was and is licensed to do business in Clark County, Nevada

5.      The true capacity, whether individual, corporate, associate, or otherwise, herein designated as DOES I through X and ROE ENTITIES I through X, inclusive, are unknown at this time, and Plaintiff therefore sues said individuals or entities by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of said individuals or entities is responsible in some manner for the events and happenings and proximately caused the injuries and damages herein alleged. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities as they are ascertained.

6.      At all relevant times, defendants, and each of them, were the agents, ostensible agents, servants, employees, employers, partners, co-owners and/or joint venturers of each other and of their co-defendants, and were acting within the color, purpose and scope of their employment, agency, ownership and/or joint ventures and by reason of such relationships with defendants, and each of them, are vicariously and jointly and severally responsible and liable for the acts and/or omissions of their co-defendants.

7.      Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

///

///

2

## ALLEGATIONS COMMON TO ALL CLAIMS

### RELATIONSHIP OF PARTIES

8.     Omni Financial is a creditor that extended to Plaintiff a $5 million line of credit, of which approximately $3.5 million has been drawn down.

9.     Omni Financial has a first position lien against First 100's beneficial interest in any future proceeds realized under a portfolio of approximately 1,700 receivables resultant from HOA delinquent assessments accounts accrued and due to the HOA through December 31, 2013.

10.     These delinquent assessments have resulted in individual statutory liens being filed against each of the real property securing the HOA in its receivables

11.     PrenPoinciana is an investment company that purchased a re-assignment of a portion of the Plaintiff's assignment of beneficial interest in any proceeds realized under its relationship with the HOA.

12.     PrenPoinciana is essentially a co-owner or equity holder in this portfolio, sharing in the future revenues to be realized by the assignment to First 100 of the beneficial interests in proceeds realized by the HOA.

13.     Subsequent to the formations of these relationships, First 100 purchased the further assignment of additionally accrued receivables from the HOA for the period January 1, 2014 through December 31, 2015.

14.     These subsequently acquired additional assignment of beneficial interests in the HOAs proceeds realized for 2014 and 2015 assessments are necessarily incorporated into the same lien on each property as those assessments through 2013 which collateralize the Omni Loan.

15.     Omni maintains no security interest in the HOAs assignment of the beneficial interest in proceeds realized under the 2014 and 2015 liens, which comprise a portion of the liens.

16.     PrenPoinciana maintains no equitable interest in the HOAs assignment of the beneficial interest in proceeds realized under the 2014 and 2015 liens, which comprise a portion of the liens.

17.     On November 2, 2015, Omni Financial provided its notice of Event of Default to First 100.

3

18.   First 100 immediately disputed the event of a Default claimed by Omni.

19.   On December 18, 2015, Omni and First 100 entered into an Agreement to Forebear any actions by Omni with respect to foreclosure action on the collateral.

20.   On December 21, 2015, Omni and First 100 entered into an addendum to the Agreement to Forebear which changed certain of the dates provided in the original agreement.

21.   In a letter dated January 8, 2016, delivered January 10, 2016, Omni and PrenPoinciana jointly issued a Notification of Disposition of Collateral.

22.   In this notice, the Creditor Omni Financial and co-equity owner, PrenPoinciana have asserted a non-judicial foreclosure is set to take place by way of public auction on January 21, 2016.

23.   The notice is an intention to foreclose on all assets, including those non-collateral and non-pledged Plaintiff's beneficial interests in assessments for 2014 and 2015, for each of the liens, as acquired after the Omni Financial and PrenPoinciana Agreements.

24.   This proposed non-judicial foreclosure action is an attempt to convert Plaintiff's property (primarily those Plaintiff's non-pledged interests in 2014 and 2015 assessments in the very same liens that are the subject of the proposed foreclosure action) not owned at the time of the Agreement and never pledged as collateral.

25.   These additional assignments to First 100 of beneficial interests in 2014 and 2015 assessments, which are included in the subject of defendants' proposed non-judicial foreclosure, are pledged to a non-party creditor who maintains a first position lien on these assets.

26.   Additionally, joint foreclosing entity, PrenPoinciana, is not a creditor, does not possess a Note, has no foreclosure remedy available to it and is current in its share of distributions under its agreement.

27.   If allowed to proceed, equity holder PrenPoinciana would be foreclosing on itself, to the detriment of Plaintiff as co-owned and non-party creditors, with a junior lien on the assessment receivables through December 31, 2013 as well as a first position lien on those assessments for 2014 and 2015, inherent in each lien targeted by defendant for foreclosure.

/ / /

/ / /

4

## FIRST CLAIM FOR RELIEF

### (BREACH OF CONTRACT)

28.    Plaintiffs repeat and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporate the same herein by reference.

29.    The forbearance agreement of December 18, 2015 is a valid and binding contract, which Plaintiffs and Defendants agreed to for good and sufficient consideration.

30.    The forbearance agreement clearly states the limited property to which Defendants have the right to foreclose upon.

31.    Defendants have published their intent to foreclose upon Plaintiffs' assets, but does not specify the particular assets to be sold, and instead provides a vague description of all of Plaintiffs' collateral.

32.    It would be impossible for Defendants to foreclose on liens for which only part of each lien serves as collateral for one defendant, and where the other defendant foreclosing non-judicially is not even a creditor.

33.    Defendants' foreclosure is thus over inclusive, and contrary to the agreement the parties entered into on December 18, 2015.

34.    Foreclosure on more assets than Defendants have a right to foreclose upon under the forbearance agreement is a material breach of contract.

35.    Plaintiffs are entitled to compensatory damages for the breach of contract, equal to the value of the assets sold at foreclosure which were not listed in the December 18, 2015 agreement as assets which Defendants may foreclose upon.

36.    This material breach will cause Plaintiffs damages in excess of $10,000, to be proven at trial.

37.    Defendants' actions have required Plaintiffs to retain the services of an attorney to prosecute this action.  Accordingly, Plaintiffs seek an award of reasonable attorney fees and costs incurred in this action.

/ / /

/ / /

5

1

## SECOND CLAIM FOR RELIEF

2

### (UNJUST ENRICHMENT)

3    38.    Plaintiffs repeat and re-alleges the allegations of the preceding paragraphs of the

4    complaint as though fully set forth herein and incorporate the same herein by reference.

5    39.    A benefit will be conferred upon Defendants by the sale of Plaintiffs' collateral on

6    January 21, 2016.

7    40.    Under the valid and binding contract between the parties, Defendants have no legal

8    right to sell Plaintiffs' collateral, beyond the assets enumerated in the forbearance agreement of

9    December 18, 2015.

10    41.    If Defendants' foreclosure proceeds, Defendant Omni Financial will take title to

11    property acquired after its agreements, never pledged as collateral.  Defendant PrenPoinciana will be

12    foreclosing on property against which it has no foreclosure remedy and for which it is not a creditor.

13    42.    Accordingly, Defendants will be unjustly enriched by the sale of any collateral beyond

14    those assets described in the forbearance agreement.

15    43.    It would be inequitable to allow Defendants to bring to sale and retain the proceeds

16    from the sale of property which they have no right to sell.

17    44.    Defendants will be unjustly enriched at Plaintiffs' expense in an amount exceeding

18    $10,000, to be proven at trial.

19    45.    Defendants' actions have required Plaintiffs to retain the services of an attorney to

20    prosecute this action.  Accordingly, Plaintiffs seek an award of reasonable attorney fees and costs

21    incurred in this action.

22

## THIRD CLAIM FOR RELIEF

23

### (DECLARATORY RELIEF)

24    46.    Plaintiffs repeat and re-alleges the allegations of the preceding paragraphs of the

25    complaint as though fully set forth herein and incorporate the same herein by reference.

26    47.    Under NRS 30.030, this Court has the power and authority to declare the parties' rights

27    and interests in Plaintiffs' collateral.

28    / / /

6

48.    Defendants signed a valid and binding contract voluntarily abstaining from the right to foreclose on the majority of the collateral used to secure Plaintiffs' loan.

49.    Defendants then inexplicably declared their intent to foreclose on substantially more property than the assets described in the forbearance agreement.

50.    Plaintiffs are entitled to a declaratory judgment from this Court, stating that (1) the forbearance agreement of December 18, 2015 is a valid and binding contract between the parties, and (2) Defendants have no legal right to foreclose upon Plaintiffs' property which is not specifically agreed to in that forbearance agreement as being subject to foreclosure by Defendants.

### FOURTH CLAIM FOR RELIEF

#### (PRELIMINARY AND PERMANENT INJUNCTION)

51.    Plaintiffs repeat and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporate the same herein by reference.

52.    Defendants have published their intent to proceed with a sale of Plaintiffs' property, inclusive of property never pledged as collateral, in contravention of the terms of the forbearance agreement.

53.    Defendant PrenPoinciana is not a creditor, holds no Note, has no foreclosure remedy and has received all funds due it under its equitable interest, yet inexplicably is attempting a non-judicial foreclosure.

54.    Defendants have made arrangements indicating a concrete intention to proceed with the foreclosure sale on January 21, 2016. These arrangements include reserving a time and place for the sale, and publishing of notice to potential bidders.

55.    Accordingly, the unlawful foreclosure is not a mere possibility, but, absence intervention of this Court, rather an inevitable event, which potentially would harm an unsuspecting third party in attendance at any such auction.

56.    As detailed above, the foreclosure would be unlawful as to the extent it disposes of collateral which Defendants waived their right to foreclose upon, or for which Defendant never had a right to foreclose upon.

///

7

57.    As Plaintiffs' injury is yet to occur, no remedy at law can be ascertained to compensate Plaintiffs for the loss.

58.    On the basis of the facts described herein, Plaintiffs have a reasonable probability of success on the merits of their claims, and would suffer irreparable harm if the foreclosure sale is allowed to proceed.

59.    Plaintiffs are thus entitled to a preliminary and a permanent injunction prohibiting Defendants from disposing of Plaintiffs' property which Defendants specifically agreed not to foreclose upon.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as follows:

1.    For compensatory damages equal to the value of the property Defendants wrongfully dispose of at foreclosure;

2.    For damages in equity sufficient to negate the full amount to which Defendants are unjustly enriched by any wrongful foreclosure;

3.    For a declaration and determination that (1) the forbearance agreement of December 18, 2015 is a valid and binding contract between the parties, and (2) pursuant to the forbearance agreement, Defendants have no legal right to foreclose upon Plaintiffs' property which is not specifically listed in that agreement as being subject to foreclosure by Defendants;

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

8

1      4.      For a preliminary and a permanent injunction precluding Defendants from initiating

2  foreclosure proceedings on any property belonging to Plaintiffs which the forbearance agreement of

3  December 18, 2015 did not specifically allow; and

4      5.      For such other and further relief as the Court may deem proper.

5  DATED this 15th day of January, 2016.

6                                        Respectfully submitted,

7                                        MAIER GUTIERREZ AYON

8
                                          _/s/ Joseph A. Gutierrez_
9                                        JOSEPH A. GUTIERREZ, ESQ.
                                          Nevada Bar No. 9046
10                                       LUIS A. AYON, ESQ.
                                          Nevada Bar No. 9752
11                                       MARGARET E. SCHMIDT, ESQ.
                                          Nevada Bar No. 12489
12                                       400 South Seventh Street, Suite 400
                                          Las Vegas, Nevada 89101
13                                       *Attorneys for Plaintiffs First 100, LLC and*
                                          *1st One Hundred Holdings, LLC*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9