UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIRST 100 LLC; 1st ONE HUNDRED HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OMNI FINANCIAL, LLC; PRENPOINCIANA, LLC; DOES I through X,<br><br>Defendants. | Case No. 2:16-cv-00099-RFB-(CWH)<br><br>ORDER GRANTING PLAINTIFFS' EX PARTE MOTION TO SEAL |

## I.   INTRODUCTION

Before the Court is Plaintiffs' ex parte motion to seal the affidavit of Jay Bloom, Exhibit "2" to its motion for preliminary injunction (ECF No. 16), filed January 27, 2016. ECF No. 18. Defendants filed an opposition to the motion to seal on February 1, 2016. ECF No. 33. Plaintiffs have not filed a reply to Defendants' response.

Plaintiffs originally filed their complaint in the Eighth Judicial District Court on January 15, 2016. ECF No. 1-1. Defendants removed the case to this Court on January 18, 2016. ECF No. 1. Plaintiffs' complaint contained four claims: breach of contract, unjust enrichment, declaratory relief, and preliminary and permanent injunction. ECF No. 1-1. Plaintiffs are requesting that the affidavit of Jay Bloom, Exhibit "2" to their motion for preliminary injunction remain sealed.

/ / /

/ / /

## II. LEGAL STANDARD

Courts have recognized the "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 n.7 (1978). The Ninth Circuit has noted there is a "strong presumption in favor of access" to judicial documents. Kamakana v. City of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). However, the Ninth Circuit has held that "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." Id. at 1179. Plaintiffs need only show "good cause" under FRCP 26(c) to keep records attached to non-dispositive motions sealed. Id. at 1180. Rule 26(c) states the court may issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

## III. ANALYSIS

In support of their motion, Plaintiffs argue that the affidavit contains confidential and proprietary information regarding details of Plaintiffs' business model as well as the valuation of the HOA liens at issue in the case. ECF No. 18. Plaintiffs argue that they believe good cause exists to warrant sealing the affidavit, but do not present further details about the content of the document.

In opposing Plaintiffs' motion, Defendants argue that Plaintiffs fail to provide any basis that overcomes the "strong presumption" of public access. ECF No. 33. Further, Defendants argue that sealing the affidavit would prevent the public from gaining access to information related to assets that will be subject to a foreclosure sale, cutting against the transparency of the foreclosure sale. Finally, Defendants argue that sealing the affidavit would lead to "unnecessary logistical complications" that should be avoided.

The Court finds that Plaintiffs' motion should be granted. While Plaintiffs have not articulated with specificity what harm could come from the motion being made public, Defendants mischaracterize this as a situation in which compelling reasons must be shown. Because the affidavit is related to a non-dispositive preliminary injunction motion, Plaintiffs only need to show "good cause" for sealing the affidavit. Protecting proprietary information from public knowledge is sufficient under the stricter "compelling reasons" standard, and is therefore sufficient in this instance in which the lower "good cause" standard applies. See, e.g., Kamakana, 447 F.3d at 1179 (noting that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets.'").

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Ex Parte Motion to Seal Affidavit of Jay Bloom (ECF No. 18) is GRANTED.

**DATED**: September 29, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**