JOINTLY SUBMITTED

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FIRST 100, LLC, a Nevada limited liability company; 1st ONE HUNDRED HOLDINGS, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br>vs.<br><br>OMNI FINANCIAL, LLC, a foreign limited liability company; PRENPOINCIANA, LLC, a foreign limited liability company; DOES I through X and ROE ENTITIES I through X;<br><br>Defendants.<br><br>AND ALL RELATED CLAIMS | Case No. 2:16-cv-00099-RFB-(CWH)<br><br>Related Case No. 2:16-cv-00109-RFB-CWH (Jointly Administered Cases)<br><br>**STIPULATED JUDGMENT** |

COME NOW, (1) Plaintiffs and Counter-Defendants First 100, LLC ("First 100") and 1st One Hundred Holdings, LLC ("Holdings," and together with First 100, the "Plaintiffs"), by and through their undersigned attorneys, Maier Gutierrez Ayon; (2) Third-Party Defendants Holdings, Jay Bloom, Carlos Cardenas, Christopher Morgando, and Matthew Farkas (collectively, the "Guarantors"), by and through their undersigned attorneys, Maier Gutierrez Ayon, (3) Defendant, Counterplaintiff, and Third Party Plaintiff Omni Financial, LLC ("Omni"), by and through its undersigned attorneys, Howard & Howard Attorneys PLLC, (4) Defendants PrenPoinciana, LLC and Prentice Lending II LLC (collectively, "PrenPoinciana"), by and through their undersigned attorneys, Greenberg Traurig, LLP; and (5)  Plaintiffs KAL-MOR-USA LLC and GFY Management LLC (in Case No. 2:16-cv-00109) (collectively, "Kal-Mor/GFY"), by and through their undersigned attorneys, Kolesar & Leatham.

## RECITALS

On January 15, 2016, First 100 filed a complaint asserting various claims for relief (the "Claims") against Omni and PrenPoinciana in the Eighth Judicial District Court in Clark County, Nevada (the "Lawsuit"), seeking an *ex parte* temporary restraining order stopping a foreclosure sale which Omni had previously noticed. Omni removed the Lawsuit to the U.S. District Court for the District of Nevada (the "District Court") (Notice of Removal, ECF No. 1),[1] where it is known as Case No. 2:16-cv-00099. On February 9, 2016, the Lawsuit was consolidated with a separate action filed by Kal-Mor USA LLC (which had also been removed by Omni and is Case No. 2:16-cv-00109, and which case constitutes part of the defined term, the "Lawsuit"). On June 15, 2016, Defendant Omni filed its Answer to First 100, LLC's Complaint and Counterclaim and Third-Party Complaint (ECF 99), asserting various counterclaims and third-party claims for relief against the Plaintiffs and Guarantors (the "Counterclaims and Third-Party Claims").

As set forth in extensive detail in the pleadings and papers in the Lawsuit, numerous disputes (collectively, the "Disputes") have arisen between Plaintiffs, Defendants, and Guarantors regarding, for example:[2]

(a) First 100's default on a line of credit loan extended by Omni pursuant to a loan agreement and other transaction documents dated May 27, 2014;

(b) the ownership, management, and control of certain homeowner association liens/receivables ("HOA Receivables") those acquired from the Association of Poinciana Villages ("APV") and (i) relating to the calendar year 2013 ((the "2013 Receivables"), (ii) relating to the calendar years 2014-2015 (the "2014-2015 Receivables") and (iii) certain additional properties previously managed by Association Capital Resources, LLC (the "ACR Receivables");

(c) the ownership, management, and control of all other HOA Receivables owned all other HOA Receivables owned by First 100 from time to time from the inception of the Omni loan through the date hereof, if and to the extent serviced by the McCabe Firm, including those relating

---

[1] All references herein to "ECF" numbers are to filings in Case No. 2:16-cv-00099.

[2] This list is not exhaustive.

to Harbor Watch (a/k/a Harbour Watch), Images Condominium Association, Black Bear Reserve, Brightwaters, Autumnwood Grove and Hartlake Cove (a/k/a Hart Lake Cove) (collectively, the "Additional HOA Receivables");

    (d)    the ownership, management, and control of First 100's other personal property;

    (e)    the reasonableness of Omni's foreclosure sale on May 25, 2016 regarding such HOA Receivables and other personal property; and

    (f)    Omni's first-priority security interest, as beneficiary, under deeds of trust in various real properties previously or currently owned by First 100.

Without admitting liability, the Parties waive the entry of findings of fact and conclusions of law by the Court and voluntarily consent to the entry of this Stipulated Judgment fully resolving the Lawsuit, Disputes, Claims, Counterclaims, and Third-Party Claims.

NOW, THEREFORE, it is accordingly ORDERED, ADJUDGED, and DECREED that:

1.    First 100 owes Omni a stipulated judgment debt in the amount of Four Million Eight Hundred Thousand Dollars (USD $4,800,000), but which amount could increase by a specific sum if certain conditions subsequent were not met.

2.    Omni is the absolute owner of all right, title, and interest in the 2013 Receivables 2014-2015 Receivables, and Additional HOA Receivables, including without limitation (a) all future proceeds arising therefrom, (b) all undisbursed proceeds thereof being held by any third party, regardless of how such proceeds may have previously been allocated among the Parties, and (c) any rights or privileges enjoyed by, or benefiting, First 100 with respect to those HOA Receivables, including rights or privileges under any continuing powers of attorney granted by a third party.

3.    The prior Order entered in this action on April 18, 2016 [ECF No. 60] is hereby vacated, and the restrictions set forth therein upon the distribution of HOA Receivables and the proceeds thereof are null and void. The HOA Receivables and all proceeds derived therefrom (meaning, for example, all undisbursed proceeds held by the McCabe law firm) may be disbursed upon the unilateral instructions of the Party(ies) in accordance with this Stipulated Judgment and

the Stipulated Judgment entered in Case No. 2:16-cv-00109 on January 2, 2017 [ECF No. 58].

4. Upon full repayment of the stipulated judgment debt, Omni shall return or release to First 100 (i) any and all interest in the 2013 Receivables, the 2014-2015 Receivables, and Additional HOA Receivables; (ii) all remaining liens in First 100's claims and litigation; (iii) four specific real properties in Nevada, to First 100 or its Affiliate; and (iv) all real property derived from foreclosure actions on any of the HOA Receivables conveyed.

5. The Lawsuit and any and all Disputes, Claims, Counterclaims, and Third-Party Claims are hereby dismissed with prejudice.

6. This judgment shall not preclude or otherwise impair any claim or defense that may exist or arise between or among the Parties with respect to a breach of the Settlement Agreement. The Court hereby retains jurisdiction (over the Parties, the Lawsuit, the Disputes, Claims, Counterclaims, and Third-Party Claims, and the Settlement Agreement (and alleged breaches thereof)), to hear any further proceedings regarding the same, if necessary or appropriate.

7. Each Party bears responsibility for its own fees and costs incurred in connection with this matter (including, in particular, the Lawsuit).

8. The two monetary bonds deposited with the Clerk of the Court during the Lawsuit, by First 100 (in the amount of $15,000, deposited on January 21, 2016 (ECF 13-14)) and Omni (in the amount of $1,000, deposited on June 28, 2016 (ECF 131-32)), are to be immediately released to Omni.

**ORDER**

IT IS SO ORDERED.

Dated: February 16, 2017.

RICHARD F. BOULWARE, II
United States District Judge

Approved as to form and content by:

Dated:  February 14, 2017

**HOWARD & HOWARD ATTORNEYS PLLC**

By:  /s/  Robert Hernquist
Robert Hernquist
Nevada Bar No. 10616
Mark Gardberg
Nevada Bar No. 10879
Wells Fargo Tower, Suite 1000
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169-5980

*Attorneys for Defendant, Counterplaintiff, and Third Party Plaintiff Omni Financial LLC*

Dated:  February 14, 2017

**MAIER GUTIERREZ AYON**

By:  /s/  Joseph A. Gutierrez
Joseph A. Gutierrez
Nevada Bar No. 9046
Jason R. Maier, Nevada Bar No. 8557
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148

*Attorneys for (1) Plaintiffs and Counterdefendants First 100, LLC and 1st One Hundred Holdings, LLC and (2) Third-Party Defendants 1st One Hundred Holdings, LLC, Jay Bloom, Carlos Cardenas, Christopher Morgando, and Matthew Farkas*

Dated:  February 14, 2017

**GREENBERG TRAURIG, LLP**

By:  /s/  Christopher Miltenberger
Christopher Miltenberger
Nev. Bar No. 10153
3773 Howard Hughes Parkway, #400
Las Vegas, NV 89169

*Attorneys for Defendants PrenPoinciana, LLC and Prentice Lending II LLC*

Dated:  February 14, 2017

**KOLESAR & LEATHAM**

By:  /s/  Bart K. Larsen
Bart K. Larsen
Nevada Bar No. 08538
400 South Rampart Blvd., Suite 400
Las Vegas, Nevada  89145

*Attorneys for Plaintiffs KAL-MOR-USA LLC and GFY Management LLC (in Case No. 2:16-cv-00109)*